**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

CHRISTOPHER WAYMAN, SR. PLAINTIFF

v. 4:26-cv-00007-DPM-JJV

LAWRENCE GOODLOE,
Lieutenant, Jefferson County Jail DEFENDANT

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

## I. DISCUSSION

Plaintiff Christopher Wayman, Sr., has filed this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging that while he was in the Jefferson County Jail Lieutenant Lawrence Goodloe discriminated against him by giving female detainees longer phone privileges and access to tablets. (Doc. 2.) All other claims were dismissed during screening. (Docs. 7, 15.)

Defendant Goodloe has filed a Motion for Summary Judgment arguing he is entitled to dismissal because Plaintiff failed to properly exhaust his available administrative remedies. (Docs. 16-18.) Plaintiff has not filed a Response, and the time to do so has passed. (Doc. 19.) Thus, the facts in Defendant's Statement of Indisputable Material Facts (Doc. 18) are deemed admitted. *See* Local Rule 56.1(c); *Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020,

1027 (8th Cir. 2001). And, as will be discussed herein, those facts are supported by the record. After careful consideration and for the following reasons, I recommend Defendant's Motion for Summary Judgment (Doc. 16) be GRANTED, Plaintiff's equal protection claim against Defendant Goodloe be DISMISSED without prejudice, and this case be CLOSED.

## II. SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party cannot rest on mere denials or allegations in the pleadings, but instead, must come forward with evidence supporting each element of the claim and demonstrating there is a genuine dispute of material fact for trial. *See* Fed R. Civ. P. 56(c); *Celotex*, 477 U.S at 322; *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). In this regard, a factual dispute is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *Greater St. Louis Constr. Laborers Welfare Fund v. B.F.W. Contracting, LLC,* 76 F.4th 753, 757 (8th Cir. 2023).

## III. DISCUSSION

### A. Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) provides, in part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion

requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89-91 (2006).

The PLRA requires inmates to fully and properly exhaust their administrative remedies as to each claim in the complaint. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.* The only exception is if administrative remedies are unavailable. 42 U.S.C. § 1997e(a) (prisoners are only required to exhaust "available" administrative remedies). Administrative remedies are "unavailable" if, for instance: (1) the grievance procedure "operates as a simple dead end;" (2) the procedure is "so opaque that it becomes, practically speaking, incapable of use;" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 642 (2016); *see also Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018).

**B. Jefferson County's Grievance Procedure**

Jefferson County's grievance procedure - Policy 132 - says a detainee's written grievance "must clearly describe all facts and all requests." (Doc. 18-4 at 1.) The jail administrator, or designee, must respond in writing within ten working days. (*Id*. at 2.) If the detainee is not satisfied with the response, he or she may "appeal any response or lack of response to the sheriff, who shall respond in writing." (*Id*.) And that response ends the grievance procedure. (*Id*.)

### C. Plaintiff's Grievances

The current Jail Administrator says, in her sworn Affidavit, that Plaintiff filed one relevant grievance about the claims raised in this case. (Doc. 18-1.) My review of Plaintiff's grievance file confirms this to be correct. (Doc. 18-3.) And Plaintiff has not challenged that assertion.

On November 16, 2025, Plaintiff filed a grievance 2380378 saying: "Can you please assign me a tablet cause these dudes in here think they own these tablets in here they won't let nobody use them." (*Id*. at 7.) On November 17, 2025, a jail official responded: "The facility does not have any more tablets." (*Id*.) Plaintiff did not appeal. But he continued to file numerous requests and grievances about other matters.

After careful consideration, I conclude this grievance did not properly exhaust Plaintiff's claim for three reasons. First, he did not mention, at all, that he was being denied phone access. Second, did not say he was being denied access to tablets due to gender discrimination, which is the claim he is raising in this lawsuit. *See Muhammad v. Mayfield,* 933 F.3d 993, 1003 (8th Cir. 2019) (improper exhaustion when the issue raised during the prisoner's grievance was a "decidedly different issue" than the one raised in his federal lawsuit); *Townsend,* 898 F.3d at 784 (improper exhaustion when a prisoner's grievance did not contain "the specific factual allegations that would later appear in his federal complaint"); *Burns v. Eaton,* 752 F.3d 1136, 1141-42 (8th Cir. 2014) (a prisoner's grievance must have raised "the distinct §1983 claims" brought in a lawsuit). Finally, Plaintiff did not appeal the denial of the grievance as he was required to do by Policy 132. *See Woodford*, 548 U.S. at 90 (proper exhaustion means "using all steps that the agency holds out, and doing so properly"); *Porter v. Sturm*, 781 F.3d 448, 451-52 (8th Cir. 2015) ("[d]ismissal without prejudice is mandatory" when a prisoner did not complete the final stage of grievance process); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (to satisfy the PLRA's exhaustion

requirement, a prisoner must pursue "the prison grievance process to its final stage").

Finally, Plaintiff has not alleged or presented any evidence demonstrating administrative remedies were unavailable to him at the jail to properly exhaust his claim. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact"). Accordingly, Defendant Goodloe is entitled to summary judgment. *See* Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

That being said, I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the Eighth Circuit has explained the critical role the exhaustion process plays as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 89 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant's Motion for Summary Judgment (Doc. 16) be GRANTED, Plaintiff's

equal protection claim against Defendant Goodloe be DISMISSED without prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 21st day of July 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE